IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ARMANDO JUVERA                                                                              PETITIONER

V.                                          4:04CR00147-09-WRW
                                            4:07CV00889-WRW

UNITED STATES OF AMERICA                                                                    RESPONDENT

## ORDER

Pending is Petitioner's Motions to Vacate Under 28 U.S.C. § 2255 (Doc. No. 596).

**I.      BACKGROUND**

On March 24, 2006, Petitioner pled guilty to Count 1 of the Information -- knowingly and intentionally possessing with the intent to distribute more than 100 but less than 400 kilograms of a mixture and substance containing a detectable amount of marijuana, a violation of 21 U.S.C. §§ 841(a)(1).[1] On July 6, 2006, Petitioner was sentenced to sixty (60) months in prison.[2] Petitioner did not file an appeal with the Eighth Circuit Court of Appeals.

**II.     DISCUSSION**

There is a one-year statute of limitations for actions brought under 28 U.S.C. § 2255.[3] Since Petitioner did not file an appeal with the Eighth Circuit Court of Appeals, his one-year period to file

---

[1] Doc. No. 414.

[2] Doc. No. 487.

[3] 28 U.S.C. § 2255, ¶6.

1

a § 2255 motion began on July 16, 2006[4] and expired on July 16, 2007.  Petitioner's motion is dated September 24, 2007.[5]

Petitioner admits that his motion "is in excess of the statutory period" for filing a habeas petition, but blames this delay on "his inability to read, write, and speak English and his lack of understanding of the U.S. Criminal System," and on not having effective counsel.[6] Neither excuse, without more, is sufficient to warrant equitable tolling of the statute of limitations.[7]

## CONCLUSION

Since it was filed after the expiration of limitations provisions of § 2255, Petitioner's Motions to Vacate Under 28 U.S.C. § 2255 (Doc. No. 596) is DENIED.

IT IS SO ORDERED this 15th day of October, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[4] Unappealed federal criminal judgments become final when the time for filing a direct appeal expires.  See *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).

[5] Doc. No. 596.

[6] *Id*.

[7] See *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005).